IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| WILLIE JAY AUSTIN, #250 879 | * | |
| Petitioner, | * | |
| v. | * | 2:08-CV-312-WKW (WO) |
| LOUIS BOYD, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie Austin, a state inmate, on April 21, 2008. In the petition, Petitioner challenges his convictions for drug offenses imposed upon him by the Circuit Court for Covington County, Alabama, in February 2007. In their answer filed with this court on June 19, 2008, Respondents assert that Petitioner has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Petitioner has a Rule 32 petition currently pending in the Circuit Court for Covington County, Alabama. *(Doc. No. 10.)*

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28

U.S.C. § 2254(1)(b)(1)(A).  Upon review of the pleadings filed in this case, it appears that Petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted pending the outcome of Petitioner's Rule 32 proceedings as there is nothing before this court which indicates that good cause exists for his failure to exhaust his claims first in state court.  *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).  Accordingly, it is

ORDERED that on or before July 11, 2008 Petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done, this 20th day of June 2008.

    /s/  Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE