IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| WILLIE JAY AUSTIN, #250 879 | * | |
| Petitioner, | * | |
| v. | * | 2:08-CV-312-WKW |
| | | (WO) |
| LOUIS BOYD, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie Austin ["Austin"], a state inmate, on April 21, 2008. In the petition, Austin challenges his convictions for drug offenses imposed upon him by the Circuit Court for Covington County, Alabama, on February 2, 2007. Pursuant to an order of the court, Respondents filed an answer to the petition wherein they maintain that the present petition is due to be dismissed because Austin has failed to exhaust available state remedies. *(Doc. No. 10.)* The court granted Austin an opportunity to show cause why his petition should not be dismissed and he has done so. (*Doc. No. 12*.)

Upon review of the petition, Respondents' answer, and Austin's response, the court concludes that the instant habeas corpus action should be dismissed because Austin has failed to exhaust state remedies with respect to each of the claims raised therein. Specifically, the pleadings and documents before the court reflect that Austin  has a Rule 32 petition pending

in the Circuit Court for Covington County, Alabama. (*Doc. No. 10, Exhs.7, 8; Doc. No. 12*.)

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). Austin concedes that he filed a Rule 32 petition in the Circuit Court for Covington County in February 2008. On April 24, 2008, he states that the State requested an additional 120 days in which to file an answer to the petition. According to Austin, it is unnecessary to wait for his Rule 32 petition proceedings to be completed because the State has unreasonably and without explanation failed to address the petition. Such conduct, Austin argues, constitutes an absence of available state corrective process and makes "returning to state court. . . futile." (*Doc. No. 12 at 3*.)

Exceptions exist to the exhaustion requirement, *i.e.,* when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." *Howard v. Davis,* 815 F.2d 1429, 1430 (11th Cir. 1987); 28 U.S.C § 2254(b). Austin's arguments, however, fail to fit within the narrow exception to futility, and there is no reason to believe that the Alabama state courts will not give his issues serious consideration in due time.

A review of the pleadings and documents filed in this matter clearly demonstrate that Austin has not yet exhausted his available state court remedies with respect to each claim

presented in the instant habeas petition.  This court does not deem it appropriate to rule on the merits of Austin's claims for relief without first requiring that he exhaust state remedies.[1] *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Austin can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Willie Austin be DISMISSED without prejudice to afford him an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **July 22, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[1] Austin is advised that pursuant to the provisions of 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to federal applications for habeas corpus relief.  The limitation period begins to run on the date when the time for seeking direct review of the challenged judgment expires but the time during which a properly filed post-conviction petition is pending shall not be counted toward any period of limitation under § 2244(d)(1).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of July 2008.


/s / Wallace Capel, Jr.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE